UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAJIV P. RAMJAS,

                    Plaintiff,

          -against-

PUBLIC PARTNERSHIP LLC, et al.,

                    Defendants.

25-CV-10061 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this *pro se* action alleging that Defendants violated his rights under the "Equal Opportunity for Employees," which the Court understands to be the Equal Employment Opportunity Commission; the Fair Credit Reporting Act ("FCRA"); and the Equal Pay Act ("EPA"). Plaintiff alleges that Defendants discriminated against him based on his "race, color, creed[,] [r]efusal to transport[,] and [d]isab[ility]." (ECF 1, at 2.) For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The general venue statute, 28 U.S.C. § 1391, applies in this case to Plaintiff's claims asserted under the FCRA and Equal Pay Act. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

To the extent Plaintiff seeks to bring claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"), such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); 42 U.S.C. § 12117 (incorporating by reference, among other things, Title VII's venue provision for employment claims under Title I of the ADA).

Plaintiff alleges that the events giving rise to his claims occurred in Queens County, New York. Although Plaintiff does not provide addresses for all Defendants, he provides addresses in Queens County and Nassau County for many of them. (*See* ECF 1, at 3-6.) Queens and Nassau Counties are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Even if the Court did assume that at least one defendant resides in this District, and that venue is proper here under Section 1391(b)(1) as to his claims under the FCRA and EPA, because the events giving rise to Plaintiff's claims occurred in Queens County, venue would also be proper for these claims under Section 1391(b)(2) in the Eastern District of New York.

Plaintiff's Title VII and ADA claims, should he be asserting such claims, would be proper in both this district and in the Eastern District of New York. *See* 42 U.S.C. § 2000e-5(f)(3).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff resides and where most Defendants also appear to be located. It is therefore reasonable to expect that the relevant documents and witnesses also would be in Queens County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 5, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4